**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

### CIVIL MINUTES -- GENERAL

Case No.   **CV 24-5239-JFW(Ex)**                          Date: October 2, 2024

Title:        Zhiwei Chen -*v*- Allstate Northbrook Indemnity Company

═══════════════════════════════════════════════════════════════════

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                      None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING DEFENDANT ALLSTATE NORTHBROOK INDEMNITY COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS [filed 8/15/24; Docket No. 30]; and**

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 8/15/24; Docket No. 35]**

On August 15, 2024, Defendant Allstate Northbrook Indemnity Company ("Allstate") filed a Motion for Judgment on the Pleadings.  On August 18, 2024, Plaintiff Zhiwei Chen ("Plaintiff") filed his Opposition.  On August 22, 2024, Allstate filed a Reply.  On August 15, 2024, Plaintiff filed a Motion to Remand.  On August 22, 2024, Allstate filed its Opposition.  On August 25, 2024, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's September 16, 2024 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On January 16, 2023, Plaintiff was delivering food for Uber when he was involved in an automobile accident.  At the time of the accident, Allstate insured Plaintiff's car under an automobile insurance policy, Policy Number 999771929 (the "Policy").[1]  The Policy provides that Allstate "may settle any claim or suit if [Allstate] believe[s] it is proper."

─────────────────────

    [1]  Allstate insured two cars for Plaintiff, a 2011 Toyota Prius and a 2023 Toyota Sienna under the Policy.  In his Complaint, Plaintiff does not state which of these two cars he was driving at the time of the accident.

                                                      Initials of Deputy Clerk _sr_

After the accident, a claim was made to Allstate against Plaintiff, and Allstate settled that claim.  Plaintiff alleges that Allstate reported the claim/accident to LexisNexis, and that Allstate's reporting of the claim/accident caused an increase in his premiums.

On April 22, 2024, Plaintiff filed a Complaint against Allstate in Los Angeles Superior Court "LASC"), alleging claims for: (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) insurance fraud; (4) defamation; and (5) intentional infliction of emotional distress.  On June 20, 2024, Allstate filed its Answer.  On June 21, 2024, Allstate removed this action to this Court, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity.

## II.    Motion to Remand

In his Motion to Remand, Plaintiff alleges that there are procedural defects in Allstate's Notice of Removal, that the amount in controversy does not exceed $75,000, and that the parties are not diverse.  In its Opposition, Allstate argues that there are no procedural defects in its Notice of Removal and even if there were defects, Plaintiff's Motion to Remand was filed more than thirty days after its Notice of Removal and, as a result, any arguments regarding procedural defects are untimely.  In addition, Allstate argues that the requirements for diversity jurisdiction are satisfied.  For the reasons discussed below and in Allstate's Opposition, the Court denies Plaintiff's Motion to Remand.

### A.    Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B.    Plaintiff's Argument Regarding Any Purported Procedural Defects With Allstate's Removal Are Waived.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C.A. §1447.  As a result, although subject matter jurisdiction can be challenged at any time, procedural defects must be challenged within thirty days of removal.  *See Maniar v. F.D.I.C.*, 979 F.2d 782, 785-86 (9th Cir. 1992) (holding that even though removal was untimely, the district court erred in remanding the case more than thirty days after removal); *Kelton Arms Condominium Owners Assoc., Inc. v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003) (holding that the district court erred in remanding the case for procedural defects more than thirty days after removal); *Bell v. Arvin Meritor, Inc.*, 2012 WL 1110001 *1 (N.D. Cal. April 2, 2012) (holding that the court need not decide whether remand for a procedural defect was appropriate because the motion to remand was untimely when it was filed more than thirty days after removal).

In this case, Plaintiff argues that Allstate's Notice of Removal is somehow procedurally defective because Allstate failed to comply with Federal Rule of Civil Procedure 7.1(a)(2). *See* Motion to Remand, 4:8-11.  However, Allstate filed its Notice of Removal on June 21, 2024, and Plaintiff filed his Motion to Remand on August 15, 2024 – nearly sixty days later.  Because Plaintiff filed his Motion to Remand more than thirty days after Allstate filed its Notice of Removal, Plaintiff's challenge to any purported procedural defects in Allstate's Notice of Removal is untimely.

### C.    The Amount in Controversy Exceeds $75,000

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In his Complaint, Plaintiff alleges damages that exceed $75,000.  Specifically, Plaintiff alleges $12,780 in damages for breach of contract, fraud, and defamation; $50,000 in damages for intentional infliction of emotional distress; and $565,020 in punitive damages.  Plaintiff argues that the amount of damages alleged in his Complaint should not control the determination of the amount in controversy for diversity jurisdiction because he was required to specifically plead his damages pursuant to California Code of Civil Procedure §§ 425.10 and 425.11.

Plaintiff is incorrect.  "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). The Ninth Circuit explained:

> When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant. So, for example, if a plaintiff files a complaint in state court and voluntarily dismisses a claim before removal, any relief that might have been awarded on the dismissed claim will not be included in the amount in controversy. Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.

*Id.* at 417.  As a result, because Plaintiff's Complaint affirmatively alleged an amount in controversy greater than the federal jurisdictional threshold, the amount-in-controversy requirement was "presumptively satisfied" unless it appeared to a "legal certainty" that the plaintiff could not have actually recovered that amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .") (subject to exceptions not applicable here).  In this case, Plaintiff has failed to demonstrate that it is a "legal certainty" that he cannot recover the amount of damages he seeks in his Complaint.

Accordingly, because Plaintiff included a demand for damages in excess of $75,000 in his Complaint, the Court concludes that the amount in controversy is satisfied.

Initials of Deputy Clerk __sr__

### D.    The Parties Are Diverse

In this case, it is undisputed that Plaintiff is a citizen of California.  In his Motion to Remand, Plaintiff argues that diversity does not exist because Allstate may be a limited liability company and one of its members may be a citizen of California.  However, Plaintiff has failed to produce any evidence whatsoever demonstrating that Allstate is a limited liability company.  To the contrary, one of the exhibits submitted by Plaintiff is an "Amended Statement by Foreign Corporation," which was filed with the California Secretary of State and specifically states that Allstate is "a corporation organized and existing under the law of Illinois."  In addition, Allstate has demonstrated that its principal place of business is in Cook County, Illinois.

Accordingly, because Plaintiff is a citizen of California and Allstate is a Illinois corporation with its principal place of business in Cook County, Illinois, the Court concludes that complete diversity between the parties exists.

### III.    Motion for Judgment on the Pleadings

In its Motion for Judgment on the Pleadings, Allstate argues that because the Policy gives Allstate the discretion to settle any claim that it believes is proper, Plaintiff cannot succeed on any of his claims.  In his Opposition, Plaintiff states that Allstate's Motion for Judgment on the Pleadings is "all opposed."  For the reasons discussed below and in Allstate's moving and reply papers, the Court grants Allstate's Motion for Judgment on the Pleadings

### A.    Legal Standard

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c).  "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).  As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the nonmoving party's favor.  *See Lonberg*, 300 F. Supp. 2d at 945*; see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

### B.    The Policy Gives Allstate the Absolute Discretion to Settle Any Claim

In this case, it is undisputed that the Policy provides that Allstate can "settle any claim or suit if we believe it is proper."  As a result, because Allstate has the contractual right to settle any

claim, it cannot be liable under any cause of action alleged by Plaintiff for settling a claim.[2]  Indeed, in *Western Polymer Technology, Inc. v. Reliance Ins. Co.*, 32 Cal. App. 4th 14, 24 (1995), the court explained why insurers cannot be liable for exercising their right to settle.  Specifically, the court held that:

> [The insured's] policy gave [the insurer] the right to "make such investigation and settlement of any claim or suit as it deems expedient . . . ."  This type of clause is not unusual in liability insurance policies.  (44 Am. Jur. 2d (rev.) *Insurance*, § 1393, pp. 326-327.)  In general, the insurer is entitled to control settlement negotiations without interference from the insured.  (*See Commercial Union Assurance Companies v. Safeway Stores, Inc., supra*, 26 Cal.3d at p. 919; *Ivy v. Pacific Automobile Ins. Co.* (1958) 156 Cal. App. 2d 652, 660 [320 P.2d 140]; *Brown v. Guarantee Ins. Co.* (1957) 155 Cal. App. 2d 679, 684-685 [319 P.2d 69, 66 A.L.R.2d 1202].)  As a result, an insurer normally cannot be liable to the insured if the insurer does no more than settle a claim or suit within the policy's limits.  (*See Annot., Liability of Insurer to Insured for Settling Third-Party Claim Within Policy Limits Resulting in Detriment to Insured* (1994) 18 A.L.R.5th 474.)

*Id.*  In addition, in *New Hampshire Ins. Co. v. Ridout Roofing Co.,* 68 Cal. App. 4th 495, 505 (1998), the insured complained that its insurer's unilateral settlement of several claims resulted in the insured's payment of multiple deductibles.  However, the *Ridout* court held that, even if the insured had to pay multiple deductibles, the insurer could not be liable because, under the policy, the insurer had the right to settle any claim.  *Id.*  As a result, the *Ridout* court concluded that the insurer could not be liable for exercising this express contractual right.  *Id.*; *see also Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1137 (9th Cir. 1998) (holding that an insurer cannot be liable for "doing what is expressly permitted in the [insurance] agreement."); *Hurvitz v. St. Paul Fire & Marine Ins. Co.*, 109 Cal. App. 4th 918, 930-31 (2003) (following *Western Polymer* and stating that the insurer need not litigate to fulfill the insured's wishes because it has discretion to settle, and that the alternative is for the insured to purchase a policy that requires its consent to settle).

Moreover, in *New Plumbing Contractors, Inc. v. Edwards, Sooy & Byron*, 99 Cal. App. 4th 799, 802 (2002), the insured made the same arguments that Plaintiff makes in this case.  Specifically, the insured argued, as Plaintiff argues in this case, that the insurer's settlement ignored valid defenses that would have absolved the insured of liability and, as a result of the settlement, the insured had to pay higher premiums, accept lower coverages, and higher deductibles.  *Id.*  Following the rule set forth in *Western Polymer*, the *New Plumbing* court rejected the insured's arguments and stated that the insurer had the right to settle – even over the insured's

---

[2]  To the extent that Plaintiff claims that Allstate failed to conduct a proper investigation, those allegations also fall within the wrongful settlement theory.  An insurer's alleged inadequate investigation is only actionable when it results in the withholding of benefits (such as the duty to defend or the duty to settle), not when it affords benefits by settling a claim.  *See e.g., Betts v. Allstate Ins. Co.*, 154 Cal. App. 3d 688, 707 (holding that the failure to investigate led to a breach of the duty to settle); *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal. App. 4th 847, 881 (2000) (holding that the failure to investigate led to a breach of the duty to defend).  As a result, Plaintiff cannot prevail on a failure to investigate theory when Allstate settled the claim against him.

Initials of Deputy Clerk  _sr_

objections – and, as a result, the insurer was not liable as a matter of law.  *Id.*; *see, also, Good v. State Farm Mut. Auto. Ins. Co.*, 300 Fed. Appx. 581, 583 (9th Cir. 2008) (holding that the insurer could not be liable for settling a claim, even where the settlement negatively impacted the insured's future insurability or premiums).

Accordingly, because Allstate has the right to settle any claim it believes is proper, Plaintiff cannot maintain any cause of action based on Allstate's exercise of its contractual right to settle the claim made against him.

### C.    Allstate Reporting of Plaintiff's Claim/Accident is Privileged

In addition, Plaintiff cannot maintain a cause of action against Allstate based on Allstate's reporting that Plaintiff was involved in an accident and that it settled the claim against him because Allstate's reporting of Plaintiff's claim/accident is privileged.  Specifically, California Insurance Code §791.13 allows an insurer to report personal and privileged information to an "insurance-support organization"[3] when necessary "to perform its function in connection with an insurance transaction involving an individual."  *See* Cal. Ins. Code §791.13(c)(1)(2).  An "insurance transaction" is defined to include, among other things, "the determination of an individual's eligibility for an insurance coverage, benefit, or payment."  *See* Cal. Ins. Code §791.02(m).  In addition, when an insurer reports personal or privileged information under Section 791.13, it cannot be liable for reporting of information.  *See* Cal. Ins. Code §791.21 ("No cause of action . . . [shall] arise against any person for furnishing personal or privileged information to an insurance institution, agent or insurance-support organization").

In this case, Plaintiff bases his claim on the fact that Allstate reported information about Plaintiff's claim/accident to LexisNexis.  Plaintiff also alleges that LexisNexis disseminated that information to other insurers who "use[d] the information released by [Allstate] to judge [P]laintiff unfavorably" (Complaint, 4:28), which led to Plaintiff paying "more for insurance than before." Complaint, 5:8-9.  However, Plaintiff's own allegations demonstrate that Allstate's alleged reporting

---

[3]  An insurance-support organization is defined in California Insurance Code § 791.02(k)(1) as:

    (1)    Any person who regularly engages, in whole or in part, in the business of assembling or collecting information about natural persons for the primary purpose of providing the information to an insurance institution or agent for insurance transactions, including either of the following:

        (A)    The furnishing of consumer reports or investigative consumer reports to an insurance institution or agent for use in connection with an insurance transaction.

        (B)    The collection of personal information from insurance institutions, agents, or other insurance-support organizations for the purpose of detecting or preventing fraud, material misrepresentation, or material nondisclosure in connection with insurance underwriting or insurance claim activity.

Initials of Deputy Clerk __sr__

of information regarding Plaintiff's claim/accident was privileged under the California Insurance Code.  Allstate simply reported information regarding an insurance transaction – Plaintiff's claim/accident – and the alleged report was made to an insurance-support organization, which shared the information with other insurers.  *See, e.g, Woodward v. GEICO Advantage Insurance Company*, 2022 WL 2953053 (D.Md. July 25, 2022) ("LexisNexis offers a variety of data products to its customers, including a product called the Comprehensive Loss Underwriting Exchange Auto Report ('CLUE Report'), which provides information about consumers' automobile insurance claims . . . . Almost all auto insurance companies . . . report information to the CLUE database and rely on CLUE reports to underwrite insurance policies and determine a consumer's insurance premium"); *see also Cano v. State Farm Mutual Automobile Insurance Co.*, 425 F.Supp.3d 779 (W.D. Tex. 2019) (discussing the fact that after the plaintiff's auto insurance premiums increased and other insurers quoted high premiums, the plaintiff "received a Comprehensive Loss Underwriting Exchange ('C.L.U.E.') Report that State Farm sent to LexisNexis in which the February 2016 incident was listed, as well as the two towing incidents").

Accordingly, Allstate's alleged reporting of Plaintiff's claim/accident is privileged, and, as a result, cannot support a cause of action against Allstate.

### D.    Leave to Amend Would Be Futile

The Ninth Circuit has instructed that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  However, "[a] district court may dismiss a complaint without leave to amend if amendment would be futile."  *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation and quotation marks omitted); *Gardner v. Martino*, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile").

In this case, the Court concludes that it would be futile and, thus, unnecessary to provide Plaintiff another opportunity to amend the claims alleged in his Complaint because the dismissal of these claims is based on deficiencies that cannot be cured through the pleading of new facts.  *See, e.g., Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (holding that amendment would be futile because "[t]he basic underlying facts have been alleged by plaintiffs and have been analyzed by the district court and us.  We conclude that the plaintiffs cannot cure the basic flaw in their pleading"); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment"); *Klamath–Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that "futile amendments should not be permitted").

Accordingly, all of Plaintiff's claims alleged in the Complaint, including claims for breach of contract, breach of the implied duty of good faith and fair dealing, insurance fraud, defamation, and intentional infliction of emotional distress, are dismissed without leave to amend.

## IV.    Conclusion

      For all of the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**, and Allstate's Motion for Judgment on the Pleadings is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without leave to amend**, and this action is **DISMISSED with prejudice**.

      IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_